Abes vs. Levy.

No. 11,859.

HYMES ABES VS. LEOPOLD LEVY.

Until there has been a sale, or something that is equivalent of real property of a community, the interest of the heirs of the deceased remains, and the survivor is without power, by any convention of his own, to make a full title to another·

Probate proceedings, contradictorily taken between the heirs of the deceased wife and the surviving husband, to ascertain the value of the heir's net interest in the community property, and to fix the basis of the usufructuary's bond, can not operate as a substitute for a sale of their interest therein.

APPEAL from the Civil District Court for the Parish of Orleans. *King, J.*

E. *Howard McCaleb* for Plaintiff, Appellant.

John *Bassich, Jr.*, for Defendant, Appellee.

Argued and submitted November 19, 1895.
Opinion handed down January 6, 1896.

The opinion of the court was delivered by

WATKINS, J.    This suit has for object to compel defendant to accept title to the property known and designated as No. 84 Prytania street (old number), of the city of New Orleans, with improvements; and, also to compel specific performance of the contract of sale "of all the furniture in said premises," less certain excepted articles which are enumerated, the price of the real estate being fixed at seven thousand five hundred dollars, and the movables at one thousand five hundred dollars.

Plaintiff alleges that he is the owner of the entire property, and charges that defendant, without any just or sufficient cause, neglects and refuses to accept title.

The defences to this action are accurately stated in the defendant's brief, and we make the following extract therefrom, to-wit:

"After general denial defendant answered denying that plaintiff had a good and valid title to the property which he agreed to ·purchase; that same was acquired during existence of the community between plaintiff and his deceased wife, Julia Sonenberg, and that

the interest of the latter's heirs in said property was never divested; that of the six persons plaintiff pretends are the heirs of his wife, he, plaintiff, acquired by notarial act before Edgar M. Cahn, on February 17, 1890, what purported to be one-sixth of the one-half interest of his wife, from one of the pretended heirs, Mary Ehrlich, but that she was never recognized as heir in any proceeding; that Hymes Abes never acquired the ownership to the real property, No. 84 Prytania street, of the other five pretended heirs to his wife named Esther Sonenberg, Widow Gershon Szteinlauf, Grina Sonenberg, Widow Piesach Michowski, Sura Sonenberg, wife of Abramson of Bereck Goldflam, Ruchla Sonenberg, divorced wife of Schweir Aierwas, and Golda Sonenberg and Iser Sonenberg, as representing their father; that if said parties are heirs (which is denied), the *ex parte* order under which they were recognized is a nullity because rendered upon illegal evidence, upon a document purporting to be a procuration and sale combined, to one Nichodeus Ehrlich, before Markweir, notary in Russia, assigning and transferring to him one-half of their one-sixth interest, and authorizing him (Ehrlich) to represent them and have them put in possession as heirs to Mrs. Julia Abes; that said document was a nullity because not in conformity to the laws of Louisiana nor of Russia, as the same was a translation from the Russian, was not signed by said parties, who are therein stated to be unable to read and write, but was signed for them at their personal prayer, and that same was executed by Ruchla Sonenberg, as the divorced wife of Schweir Aierwas, without the authorization of her husband and without proof of divorce excepting her assertion to that effect; and that said *ex parte* order rendered by Civil District Court, Division D, was for that neason an absolute nullity and vested nothing in said parties or their transferees, and praying for a judgment annulling the entire agreement of sale dated September 28, 1894.''

On the trial of the cause there was an exception or plea of *res adjudicata* tendered on part of the plaintiff, and urged as the basis of objection to the admission of certain testimony of defendant attacking a judgment recognizing the capacity of certain persons as legal heirs—the plea being founded upon a judgment of Division D of the Civil District Court of the parish of Orleans. This objection having been overruled and the testimony admitted, plaintiff reserved a bill of exceptions, and the judge pronounced judgment rejecting the plaintiff's demands, and he has appealed.

The judgment annulled the agreement and contract of sale which was entered into between the plaintiff and defendant on the 28th of September, 1894, for the conveyance of the property in question, and absolved the defendant from complying with his agreement.

The plaintiff rests his case upon the legal proposition that, in a suit brought by the heirs of a deceased wife against the surviving husband for a settlement of the matrimonial community, wherein judgment has been rendered decreeing settlement and fixing the amount due by the husband in a sum of money which is subject to his usufruct, and this judgment has been paid and bond given for the money left in his charge as usufructuary, the interest of the heirs in the real estate acquired during the existence of the community is completely divested.

Further, that a judgment recognizing the capacity of legal heirs can not be attacked collaterally.

That a judgment of a competent court, placing heirs in possession of an estate or inheritance, rendered contradictorily with a party in interest, constitutes *res adjudicata* and can not be collaterally attacked, may be at once accepted as a well-settled proposition of law which can not be controverted.

Such a judgment fixes the *status* of the heirs, and it furnishes full proof, until set aside in some other judicial proceedings which are instituted for its revocation, and to which they are made parties.

Accepting this theory we must look into the record and judgment placing the heirs of the plaintiff's deceased wife in possession, and therefrom ascertain what light they furnish us in respect to this controversy.

It appears that Hymes Abes married Julia Sonenberg and that she died in the city of New Orleans, La., on the 30th of June, 1889, leaving some separate property, an undivided one-half interest in the community between herself and her husband, and six children surviving; that an inventory taken shows that the value of the property of the community, personal and real, aggregated about thirty thousand dollars, subject to the payment of debts—one item of which is the property in suit, and described as having been purchased during his marriage.

It appears that Hymes Abes, the plaintiff, appeared by petition in the succession of his deceased wife, Julia Abes, while it was under administration by Mrs. Mary Erlich, and asked to " be placed

in possession in indivision as usufructuary of (her) one-half of the community shown and described in the inventory," etc., alleging that Mrs. Erlich had renounced and abandoned the administration.

And, in conformity to his application and prayer, there was a judgment placing the petitioner "in possession in indivision as usufructuary of his deceased wife Julia Abes' half of the community shown and described in the inventory on file herein." This judgment bearing date April 17, 1890.

On the 25th of February, 1891, several petitioners appeared in court, in the aforesaid succession, alleging themselves to be "the sisters and representatives of the brother of Julia, wife of Heinrichs Abes, who lately died in New Orleans, are her nearest surviving heirs, and are entitled to take five-sixths of the estate of said deceased," etc. And their prayer was for judgment recognizing them as heirs of said deceased and put in possession, each of one undivided one-sixth interest of her estate, in full ownership as to the separate estate, and one undivided one-half interest in the community property between the deceased and her husband, "subject to the usufruct of said Abes, reserving to said heirs the right of demanding bond of the usufructuary as provided by law," etc.

And, on the same date, a judgment was duly rendered, recognizing petitioners as heirs of the deceased, each for one-sixth of her estate, and sent into possession of her estate, separate as well as community, subject to the usufruct of Abes, and reserving their right to demand bond of said usufructuary according to law.

Thus it was that the surviving husband went into possession as usufructuary, and the heirs as owners, subject to his usufruct, went into possession of her property, separate and community.

On the 14th of May following, the aforesaid heirs went into court, resting on the aforesaid judgment recognizing them and placing them in possession of their inheritance, and made the following representations, viz. :

That they were entitled to have and recover from Hymes Abes "the amount of the separate estate belonging to the said deceased Julia Sonenberg, and to have the community existing lately between the said deceased and the said Abes ascertained and settled; and should he demand and be entitled to the usufruct of the part of the community estate belonging to the deceased, then your petitioners, are entitled to require and receive sufficient security according to law."

Their prayer conforms to the petition.

H. Abes was duly cited, and, amongst other things in his answer, he said that he was willing and ready to pay over to the plaintiffs five-sixths of the separate estate, after debts and charges against the deceased; and that he is willing and ready to furnish security as usufructuary during his natural life for five-sixths of one-half of the community in which the deceased was interested " after deducting debts and charges due by said community."

He further avers " that the separate estate and community should be adjusted and fixed according to law."

That he " has purchased all the rights, title and interest of *one* of the heirs in and to the separate estate and community property left by his said wife   *   *   *   and only five-sixths thereof remains due to the other heirs."

Wherefore he prays that the separate and community property " be adjusted and fixed, and after ascertaining the respective rights and interests of the parties, and after deducting the debts and charges due by the separate estate and community, that respondent be authorized to *pay over* to plaintiffs five-sixths (5-6) of the *separate estate* of the said deceased, Julia Sonenberg, in full discharge and extinguishment of all their rights, titles and interest as heirs in and to the succession of said deceased, and that respondent be also authorized to give bond, with good and solvent security, to the satisfaction of the court, *as usufructuary of five-sixths of the community property* belonging to the community which existed between said deceased and respondent, after deducting debts and charges, said *security to be for the estimated value of the property subject to the respondent's usufruct.*

Upon the issues thus joined there was a judgment in favor of the heirs " for five-sixths of the *separate* estate of Julia Sonenberg in the aggregate sum of five thousand two hundred and thirteen dollars and thirty cents, same being in full settlement of all claims, dues and demands of said plaintiffs against defendant in the *separate estate* of Julia Sorenberg," etc.

And it is further decreed " that the community of acquits and gains which existed between the said Sonenberg, deceased, and H. Abes, her husband, be settled and fixed at the sum of two thousand five hundred and eighty-seven dollars, due to the said plaintiffs, subject to the usufruct of Hymes Abes, her surviving husband, during his natural life."

And it is further decreed "that the said Hymes Abes do furnish good and sufficient surety according to law, as usufructuary of said community property in the said sum of two thousand five hundred and eighty-seven dollars," etc.

The foregoing is a full and complete analysis of the records of the succession of Julia Sonenberg, deceased, and we are of opinion that it fails to support the contention of the plaintiff. They only evidence the recognition and placing the heirs in possession; the recognition of the surviving husband's right of usufruct and placing him in possession as such; and the ascertainment of the *net* interest of the heirs in the separate estate of the deceased, as well as that in the community property.

Of the former he made payment to the heirs, and for the amount of the latter he gave bond.

Beyond this no steps have been taken looking to the partition of the community property, real or personal. It remains in *statu quo* and in a state of indivision, notwithstanding there was a judgment ascertaining and fixing the respective rights of the parties. This decree, in respect to the community, merely determined the amount of the bond the husband was required to give as usufructuary of the five-sixths interest of the heirs. This bond was based upon the value of the personal as well as real estate of the community to which they will be entitled *at the* termination of the usufruct.

To eliminate the interest of the heirs two things were necessary: first, the abandonment by Abes of his usufruct; second, a sale of the interests of the heirs.

In its present situation plaintiff is without a complete title to more than one-half, and one-sixth of the other half of the property in controversy, and could not convey a complete title to the defendant.

The District Judge decided the case correctly.

Judgment affirmed.